IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00311-MJW-KMT

PRINCIPAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

PATRICIA HOMS,
DIANN WALKINSHAW,

    Defendants.

---

## ORDER REGARDING
## PLAINTIFF'S MOTION TO DISCHARGE ITS LIABILITY, ENJOIN DEFENDANTS, AND AWARD ATTORNEYS' FEES AND COSTS (DOCKET NO. 23)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Discharge Its Liability, Enjoin Defendants, and Award Attorneys' Fee and Costs (docket no. 23). The court has reviewed the subject motion (docket no. 23), the response by Defendant Walkinshaw (docket no. 25), the response by Defendant Homs (docket no. 24), and the Plaintiff's reply (docket no. 26). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That pursuant to an Order issued by Chief Judge Edward W.

Nottingham on April 14, 2008 (docket no. 13), this matter was referred to this court for disposition pursuant to 28 U.S.C. § 636(c) upon the unanimous consent of the parties to disposition of the action by a United States Magistrate Judge (docket no. 14);

2. That I have jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1332 and 1335 and over the parties to this lawsuit;

3. That venue is proper in the state and District of Colorado;

4. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 23);

5. That defendants Homs and Walkinshaw do not object to Plaintiff being discharged from this action or being enjoined from asserting any related claims against Plaintiff arising out of this matter. See paragraph 2 in defendant Homs' response (docket no. 24) and paragraph 1 in defendant Walkinshaw's response (docket no. 25);

6. That defendants Homs and Walkinshaw object to any award of attorney fees and costs to Plaintiff;

7. That on February 13, 2008, Plaintiff field a Complaint for Interpleader and Declaratory Judgment pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335;

8. That on May 2, 2008, pursuant to this court's order of April 28, 2008 (docket no. 17), Plaintiff deposited the sum $178,846.51 to the Clerk of this Court. See exhibit A (receipt verifying deposit) attached to the subject motion (docket no. 23);

9. That Plaintiff is a mere disinterested stakeholder of the insurance proceeds that have been deposited with the Clerk of this Court;

10. That Plaintiff has no interest in the outcome of the competing claims brought by defendants Homs and Walkinshaw for the insurance proceeds other than a just, efficient, and prompt resolution;

11. That in a civil interpleader, pursuant to 28 U.S.C. § 2361, a district court may discharge the Plaintiff from liability and enter a permanent injunction restraining the claimants from instituting or prosecuting any court proceedings affecting the property, instrument, or obligation at issue;

12. That a trial court **may** award costs and attorney fees to the Plaintiff out of the deposited interpleader fund. Such attorney fees and costs are not "automatic" but within the discretion of the court. See United Bank of Denver, Nat'l Ass'n v. Oxford Props., Inc., 683 F. Supp. 755, 756 (D. Colo. 1988); and,

13. That in this court's discretion, Plaintiff should not be awarded any attorney fees and costs.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Discharge Its Liability, Enjoin Defendants,

and Award Attorneys' Fee and Costs (docket no. 23) is GRANTED IN PART AND DENIED IN PART;

2. That the subject motion (docket no. 23) is GRANTED as follows:

   a. That Defendants Patricia Homs and Diann Walkinshaw, their agents, attorneys, or representatives are enjoined from instituting or prosecuting any related claims against the Plaintiff;

   b. That Plaintiff Principal Life Insurance Company is discharged from any further liability since Plaintiff has deposited the sum $178,846.51 with the Clerk of this Court that are the proceeds from the disputed life insurance policy;

   c. That Plaintiff Principal Life Insurance Company is DISMISSED from this case WITH PREJUDICE;

3. That the subject motion (docket no. 23) is DENIED as to Plaintiff's request for attorney fees and costs;

4. That each party shall pay their own attorney fees and costs for the subject motion (docket no. 23);

Done this 23rd day of July 2008

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE